# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

GREENBERG TRAURIG LLP
By:   Diane E. Vuocolo, Esq. (DV9904)
       David M. DeVito, Esq. (DD5946)
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Direct Phone:  (215) 988-7803
Direct Fax:      (215) 717-5230
Email:  vuocolod@gtlaw.com;
            devitod@gtlaw.com

*Attorneys for Sun National Bank*

| In re:<br>**WOODCREST COUNTRY CLUB,**<br>       **Debtor.** | **Chapter 11**<br>**Case No. 12-22055-JHW**<br><br>**Judge: Hon. Judith H. Wizmur** |
|---|---|

# INTERIM ORDER (A) AUTHORIZING THE CHAPTER 11 TRUSTEE TO OBTAIN FIRST-PRIORITY SECURED POST-PETITION FINANCING FROM SUN NATIONAL BANK, (B) AUTHORIZING THE CHAPTER 11 TRUSTEE TO SEGREGATE CASH COLLATERAL OF EXISTING SECURED LENDER, SUN NATIONAL BANK, AND PROVIDING RELATED ADEQUATE PROTECTION, AND (C) SETTING FINAL HEARING ON POST-PETITION FINANCING

   The relief set forth on the following pages, numbered two (2) through forty-six (46), is hereby **ORDERED.**

Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

Upon the Motion Of The Chapter 11 Trustee, Bonnie Glantz Fatell (the "**Trustee**") as the chapter 11 trustee of Woodcrest Country Club (the "**Debtor**" or the "**Debtor's Estate**"), To Seek The Authority To (A) Obtain First Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank And Providing Related Adequate Protection, and (C) Setting Final Hearing on Post-Petition Financing [Docket No. _____] (the "**Motion**"), (A) for the entry of this Order authorizing the Trustee to (i) obtain post-petition financing (the "**Post-Petition Financing**") in an aggregate amount not to exceed Three Hundred Sixteen Thousand Two Hundred Fifty Two and 00/100ths Dollars ($316,252.00) (the **"Post-Petition Financing Commitment"**) pursuant to sections 363 and 364 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") by entering into a Credit Agreement (the "**Post-Petition Credit Agreement**")[1] that provides for a senior secured superpriority debtor-in-possession credit facility on a superpriority and priming basis, which Post-Petition Financing shall consist of loans to fund operations, pay the Carve-Out (as defined below) and other administrative expenses (the **"Post-Petition Loan"**), with all advances under the Post-Petition Loan to be secured by Post-Petition Liens (as defined below) which shall automatically vest and be perfected immediately upon entry of this Order, which shall be more fully set forth and memorialized in a definitive credit agreement and related documents and instruments as may be amended, supplemented or

---

[1] Unless otherwise defined herein, all capitalized terms used herein have the meanings ascribed to such terms in the Post-Petition Credit Agreement, a copy of which is attached hereto as **Exhibit "A"**.

(Page 3)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

otherwise modified from time to time as evidenced in the Post-Petition Financing Loan Documents (hereinafter defined) among the Debtor's Estate through its Trustee, as borrower, and Sun National Bank, as the lender (the "**Post-Petition Lender**"); (ii) grant priming liens for the benefit of the Post-Petition Lender in all Collateral (as defined herein) in accordance with the Post-Petition Credit Agreement and this Order to secure any and all of the Debtor's Estate's obligations, indebtedness and liabilities under the Post-Petition Credit Agreement (the "**Post-Petition Obligations**"); (iii) grant superpriority claims to and on behalf of and for the benefit of the Post-Petition Lender in all Collateral (as defined herein) in accordance with the Post-Petition Credit Agreement and this Order to secure the Post-Petition Obligations; and (iv) segregate Cash Collateral (as defined below), (B) requesting the provision of adequate protection to the Pre-Petition Bank (as defined below); and (C) in accordance with Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting that this Court schedule a hearing and approve notice with respect thereto; and the Court having considered the Motion and the exhibits attached thereto, including, without limitation, the Post-Petition Credit Agreement; the initial hearing on the Motion having been held by this Court on _____, 2013 (the "Interim Hearing"); and due and sufficient notice of the Motion and the Interim Hearing having been given; and upon all of the pleadings filed with the Court and all of the proceedings held before the Court; including the record at the Interim Hearing; and after due deliberation and consideration and good and sufficient cause appearing therefor,

(Page 4)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

THE DEBTOR THROUGH ITS TRUSTEE STIPULATES AND THE COURT HEREBY FINDS, DETERMINES AND CONCLUDES:[2]

A. On May 9, 2012 (the "**Petition Date**"), Woodcrest Country Club (the "**Debtor**" or the "**Debtor's Estate**") filed a voluntary petition for relief (the "**Case**") under chapter 11 of Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "**Court**").

B. On February 1, 2013, upon consideration of *Sun National Bank's Motion Pursuant to 11 U.S.C. § 1112(b) to Convert the Chapter 11 Case of Woodcrest Country Club to a Case Under Chapter 7 Or, in the Alternative, to Dismiss the Case or, in the Further Alternative, for the Appointment of a Trustee Pursuant to 11 U.S.C. § 1104(A)* [Docket No. 183] ("**Sun's Motion to Convert/Dismiss Case or Appoint Chapter 11 Trustee**"), the Court entered the *Order Directing the Appointment of Chapter 11 Trustee* [Docket No. 203] ("**Order Appointing Chapter 11 Trustee**") and appointed a chapter 11 trustee (the "**Trustee**") in the Case. On February 7, 2013 ("**Trustee Appointment Date**"), the Office of the United States Trustee filed its Notice of Appointment of Trustee [Docket No. 212] (the "**Notice of Appointment**"). The Notice of Appointment memorialized the appointment (the "**Application**"). The Trustee accepted the appointment as of the Trustee Appointment Date. *See* Notice Of Acceptance Of Appointment As Chapter 11 Trustee [Docket No. 214]. The Court entered an Order approving the Application on February 11, 2013 [Docket No. 215]. No official committee of unsecured creditors has been appointed in this Case.

---

[2] Findings of fact contained herein shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact.

(Page 5)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

C. Consideration of this Motion constitutes a "core proceeding" as defined in 28 U.S.C. §§ 157(b)(2)(A), (D), (G), (K), (M) and (O). This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. Notice of the Interim Hearing and relief requested in the Motion has been provided by the Trustee, whether by facsimile, email, overnight courier or hand delivery, to certain parties in interest, including (i) the United States Trustee, Region III; (ii) creditors holding the twenty (20) largest unsecured claims against the Debtor's Estate, or their respective legal counsel; (iii) any party that has filed a lien against the Debtor's Estate; (iv) the Internal Revenue Service; (v) counsel to Sun National Bank; and (vi) any party that has requested notice and service of papers in the Case. Given the nature of the relief sought in the Motion, such notice constitutes sufficient and adequate notice of this Order pursuant to Bankruptcy Rules 2002, 4001(b), (c) and (d) and 9014 and section 102(1) of the Bankruptcy Code, as required by sections 363(b) and 364(d) of the Bankruptcy Code, and no further notice of this Motion or this Order is necessary or required.

E. The Trustee on behalf of the Debtor's Estate acknowledges, admits and confirms as follows:

(i) As of the Petition Date, the Debtor is indebted in the amount of not less than $11,216,646.53, plus accrued and unpaid interest, plus fees and costs (the "**Pre-Petition Obligations**"), pursuant to the Final Judgment of Foreclosure ("**Foreclosure Judgment**") entered January 26, 2012 by the Superior Court of New Jersey, Chancery Division, Camden

Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

County, in favor of Sun National Bank (the **"Pre-Petition Bank"**) and against the Debtor in an action captioned as *Sun National Bank v. Woodcrest Country Club*, docket no. F-045718-10. The Foreclosure Judgment is currently on appeal to the New Jersey Superior Court, Appellate Division (the "**Foreclosure Appeal**").

   (ii)  <u>Pre-Petition Loan Documents</u>.

   (a)  On or about September 5, 2002, the Debtor and the Pre-Petition Bank executed that certain Building Loan Agreement (the **"Building Loan Agreement"**), which provided for, among other things, a term loan in the original principal amount of Eight Million Dollars ($8,000,000.00), as amended from time to time (the **"Term Loan"**). The Building Loan Agreement, together with all security agreements, subordination agreements, blocked account or deposit control agreements, indentures, notes, mortgages, pledges, instruments and any other documents or agreements executed in connection therewith and/or in furtherance thereof, as same may have been amended, restated, supplemented or otherwise modified from time to time, the **"Term Loan Documents**."

   (b)  On or about August 23, 2007, the Debtor and the Pre-Petition Bank executed that certain Secured Revolving Credit Loan Agreement (the "**Revolving Loan Agreement**"), which provided for a revolving line of credit in the original maximum principal amount of One Million Five Hundred Seventy Thousand Dollars ($1,570,000), as amended from time to time (the "**Revolving Line of Credit**") (the Term Loan and the Revolving Line of Credit are collectively referred to hereinafter as the "**Loans**"). The Revolving Loan Agreement,

(Page 7)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

together with all security agreements, blocked account or deposit control agreements, notes, mortgages, pledges, instruments and any other documents or agreements executed in connection therewith and/or in furtherance thereof, as same may have been amended, restated, supplemented or otherwise modified from time to time, the "**Revolving Loan Documents**" (the Term Loan Documents and the Revolving Loan Documents are collectively referred to hereinafter as the "**Pre-Petition Loan Documents**").

(iii) Pursuant to the "**Pre-Petition Loan Documents**", the Pre-Petition Bank holds first-priority security interests and first and second priority mortgage liens (the "**Pre-Petition Liens**") in and on all of the Debtor's Estate's interests in: (x) its personal property and assets, including, without limitation, (1) Accounts; (2) Chattel Paper, including without limitation, Tangible Chattel Paper and Electronic Chattel Paper; (3) Intellectual Property, including but not limited to patents, trademarks, servicemarks, membership marks, registrations and applications for registration for each, including without limitation, licenses, fees or royalties with respect to each, the right to sue for past, present and future infringements, dilution and damages therefor, licenses thereunder; (4) Deposit Accounts; (5) Documents; (6) General Intangibles, including without limitation, Payment Intangibles; (7) Goods, wherever located, including without limitation, Equipment (including machinery, motor vehicles, furniture and fixtures), Fixtures and Accessions and Inventory, whether held for sale or lease or to be furnished under contracts of service (including raw material); (8) Instruments, including Promissory Notes; (9) Investments, including Promissory Notes; (10) all monies which at any

(Page 8)
Debtor:         Woodcrest Country Club
Case No.        12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

time the Pre-Petition Bank shall have the right to have in its possession; (11) all books and records evidencing or relating to the foregoing, including, without limitation, files, records, ledger sheets, documents and billing records of every kind and description, customer lists, data storage and processing media, software and related material, including computer programs, computer tapes, cards, disks and printouts, and including any of the foregoing which are in the possession of any affiliate or any computer service bureau; (12) Proceeds of real property subject to the Foreclosure Judgment commonly known as 300 East Evesham Road in the Township of Cherry Hill, County of Camden, State of New Jersey, and all improvements, appurtenances and fixtures thereon and Proceeds thereof; and (13) all insurance refunds relating to the foregoing property and all good will relating to the foregoing property, whether arising prior to, on or after the Petition Date and Proceeds thereof (the "**Pre-Petition Collateral**").

        (iv)    On or about February 25, 2013, Sun National Bank made a protective advance to the Trustee in the amount of Sixty Seven Thousand Dollars ($67,000.00) to cover certain expenses, which were necessary to preserve the property of the Debtor's Estate and to allow the Trustee to operate the Case from the Trustee Appointment Date to the present. The disbursement of the Sixty Seven Thousand Dollars ($67,000.00) advance is reflected on **Exhibit B, Budget B-1**.

    F.    <u>Reasonable Terms; Good Faith</u>.

        (i)    The terms of the proposed Post-Petition Loan, as modified by this Order, are fair and reasonable, are supported by reasonably equivalent value and fair consideration, and reflect the Trustee's exercise of prudent business judgment consistent with her fiduciary duties.

Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

(ii) The Post-Petition Loan have been negotiated in good faith and at arm's-length among the Trustee, the Post-Petition Lender and the Pre-Petition Bank.

(iii) All of the Debtor's Estate's indebtedness and other obligations to the Post-Petition Lender arising under, in respect of or in connection with (i) the Post-Petition Credit Agreement and all related security and other agreements, documents, notes and instruments together with all exhibits, schedules, annexes and appendices thereto, delivered pursuant hereto or thereto, or in connection herewith or therewith; and (ii) this Order (collectively, the **"Post-Petition Obligations"**) shall be deemed to have been extended by the Post-Petition Lender in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

G. <u>Protections of Section 364(e) of the Bankruptcy Code</u>. All of the credit extended post-petition by the Post-Petition Lender pursuant to the Post-Petition Financing Loan Documents (including all of the Post-Petition Obligations) after entry of this Order was extended by the Post-Petition Lender in good faith and in express reliance upon the protections afforded to post-petition lenders pursuant to section 364(e) of the Bankruptcy Code and, accordingly, all of the Post-Petition Obligations shall be entitled to the full protections of section 364(e) of the Bankruptcy Code. Whether on appeal or otherwise and upon execution and delivery of the Post-Petition Financing Loan Documents which may be modified by this Order, the Post-Petition Financing Loan Documents, together with this Order, shall constitute valid and binding obligations of the Debtor's Estate, enforceable against the Debtor's Estate in accordance with the terms of the Post-Petition Financing Loan Documents, this Order, and section 364(e) of the Bankruptcy Code.

Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

H. The Pre-Petition Bank is permitting the priming of its Pre-Petition Liens in good faith and in express reliance upon the protections afforded to the Post-Petition Lender pursuant to section 364(e) of the Bankruptcy Code, and, accordingly, shall be entitled to the full protections of section 364(e) of the Bankruptcy Code in the event this Order or any provision hereof is vacated, reversed or modified.

I. An immediate and critical need exists for the Debtor's Estate to obtain funds in order to continue the administration of the Debtor's Estate under chapter 11 of the Bankruptcy Code. The use of "cash collateral" (as defined by section 363(a) of the Bankruptcy Code and including any and all pre-petition and post-petition proceeds of the Pre-Petition Collateral (the "**Cash Collateral**")), alone would be insufficient to meet the Debtor's Estate's immediate post-petition liquidity needs. The Trustee is unable to obtain the required funds for the Debtor's Estate (i) in the forms of (a) unsecured credit or debt allowable under section 503(b)(1) of the Bankruptcy Code, (b) an administrative expense pursuant to section 364(a) or (b) of the Bankruptcy Code, (c) unsecured debt having the priority afforded by section 364(c)(1) of the Bankruptcy Code or (d) debt secured as described in section 364(c)(2) or (3) of the Bankruptcy Code or (ii) on terms more favorable than those offered by the Post-Petition Lender under the Post-Petition Credit Agreement, this Order, and all other agreements, documents, notes or instruments executed and delivered pursuant hereto or thereto or in connection herewith or therewith (collectively, the Post-Petition Credit Agreement, this Order and any other agreements, documents, notes or instruments executed and delivered pursuant to this Order, the "**Post-Petition Financing Loan Documents**").

Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

J. The Trustee has requested on behalf of the Debtor's Estate that, pursuant to the terms of the Post-Petition Financing Loan Documents, the Post-Petition Lender make loans and advances and provide other financial accommodations to the Debtor's Estate. The ability of the Trustee to administer the Debtor's Estate under chapter 11 of the Bankruptcy Code depends upon the Trustee obtaining such financing. The Post-Petition Lender is willing to make such loans and advances and provide such other financial accommodations only on a superpriority and priming first-priority secured basis, as more particularly described herein, pursuant to the terms and conditions of the Post-Petition Financing Loan Documents. Accordingly, the relief requested in the Motion is necessary, essential and appropriate for the continued administration of the Debtor's Estate, the management and preservation of its assets and properties, and is in the best interests of the Trustee, the Debtor's Estate and creditors.

K. It is in the best interests of the Debtor's Estate that the Debtor, acting by and through the Trustee, be allowed to finance the Debtor's Estate's administration under the terms and conditions set forth herein and in the Post-Petition Financing Loan Documents. The relief requested by the Motion is necessary to avoid immediate and irreparable harm to the Debtor's Estate and will preserve and maximize the value of the assets of the Debtor's Estate and provide an opportunity to sell the Debtor's Estate's assets. Good, adequate and sufficient cause has been shown to justify the granting of the relief requested herein, and the immediate entry of this Order.

(Page 12)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

L. The adequate protection provided herein and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code and are necessary in order to obtain the consent or non-objection of parties.

M. Based on the record presented to the Court by the Trustee and the Pre-Petition Bank, it appears that the Pre-Petition Bank is entitled to adequate protection of its interest in the Pre-Petition Collateral pursuant to sections 361 and 363(e) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. **Granting of Motion**. The Motion is granted in its entirety subject to the provisions hereof. Any objections to the relief sought in the Motion that have not been previously resolved or withdrawn are hereby overruled on their merits. This Order shall become effective immediately upon its entry. In the event of any inconsistency between this Order and the other Post-Petition Financing Loan Documents, the terms and conditions of this Order shall control over the terms and conditions contained in the other Post-Petition Financing Loan Documents.

2. **Authorization to Borrow**. The Debtor's Estate, acting by and through its Trustee is hereby authorized (i) to enter into the Post-Petition Credit Agreement, substantially in the form filed with the Court, with such modifications as permitted by this Order, and the other Post-Petition Financing Loan Documents; (ii) to borrow funds, incur debt, reimbursement obligations and other obligations, grant liens, make deposits, provide guaranties and indemnities and perform its obligations solely in accordance with the terms and conditions of the Post-Petition Financing Loan Documents; and (iii) on an interim basis pursuant to the Budget (see

Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

**Exhibit B, Budget B-1**), for the interim period between April 1, 2013 and April 26, 2013, borrow $121,183.00 of the Post-Petition Financing Commitment. The Post-Petition Financing Loan Documents may be amended, modified, supplemented or the provisions thereof waived in accordance with their terms, without further order of this Court upon written agreement by and among the Trustee, the Post-Petition Lender and the Pre-Petition Bank.

The Post-Petition Lender shall provide the Post-Petition Financing to the Debtor's Estate from time to time pursuant to the terms and conditions of the Post-Petition Financing Documents and this Order, provided that (A) in no event shall the aggregate amount of all advances exceed the Post-Petition Financing Commitment; and (B) the Trustee shall provide at least two (2) business days advance written notice to the Post-Petition Lender for each advance request under the Post-Petition Financing Commitment. The Debtor's Estate will provide to the Post-Petition Lender: (A) first priority priming liens on all of the assets of the Debtor's Estate, including, but not limited to, the Collateral as defined hereinafter, the Receivables as defined hereinafter and cash and or cash equivalents; (B) a fee in the amount of $20,000.00 (the "**Post-Petition Financing Fee**"), which shall be paid to the Post-Petition Lender at the earlier of (i) the closing of the sale of substantially all of the assets in the Debtor's Estate or (ii) June 15, 2013; and (C) on or before the earlier of June 15, 2013 or the closing of the sale of substantially all of the assets in the Debtor's Estate, all obligations under the Post-Petition Financing shall be become immediately due and payable in full and the Trustee shall pay to the Post-Petition Lender all outstanding principal plus all accrued, unpaid interest, in immediately available good same day funds.

(Page 14)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

3. **Authorization to Segregate Cash Collateral**. Subject to the terms and conditions set forth in this Order, the Trustee on behalf of the Debtor's Estate shall not use any Cash Collateral starting March 29, 2013 until otherwise agreed to by the Bank and Trustee, and instead the Trustee on behalf of the Debtor's Estate shall hold the Cash Collateral in a segregated bank account (the "**Segregated Account**"). The Cash Collateral may be used without further Order of the Bankruptcy Court, but only upon a further written agreement of the Pre-Petition Bank and the Trustee, or upon further Order of the Bankruptcy Court, which Order may also govern the application of the Cash Collateral to the Pre-Petition Obligations.

4. **Reporting Requirements**. The Trustee shall provide to the Post-Petition Lender and the Pre-Petition Bank, with a copy to counsel for the Post-Petition Lender and the Pre-Petition Bank (A) a weekly report of the Debtor's Estate's cash receipts, (B) a weekly report of the Debtor's Estate's cash disbursements for the Trustee's expense categories, (C) a weekly report concerning the review and comparison of the Debtor's Estate's use of Post-Petition financing funds, including collections, revenues and expenses during the week and the amount of variance, if any, from the corresponding amounts set forth in the Budget (as defined in the Post-Petition Credit Agreement), which Budget is attached and incorporated herein as **Exhibit "B"**, (D) an accounting as of the contents of the Segregation Account on a weekly basis, (E) a progress report from the Trustee and the investment banker, SSG Capital Advisors, LLC ("**SSG**"), issued at a minimum two times a week, detailing the sales process of the Debtor's Estate, and (F) a copy, with an additional copy to the Post-Petition Lender's counsel, of each monthly operating report filed by the Trustee on behalf of the Debtor's Estate as required by the

(Page 15)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

Court, the U.S. Trustee or applicable law. The weekly reports shall encompass the period of each week, ending on the close of business on Sunday, for every week until the Termination Date (as defined herein), and shall be delivered to the Post-Petition Lender, by 5:00 p.m., Eastern time, on Wednesday of the following week.

5. **Adequate Protection to Pre-Petition Bank**. Subject to the Post-Petition Liens (which at all times shall rank senior and prior to the Pre-Petition Bank Claims, the Pre-Petition Liens, the Post-Petition Replacement Liens (as defined herein), the Adequate Protection Super-Priority Claims (as defined herein) and the rights of the Pre-Petition Bank under this Order), and the Carve-Out, the Pre-Petition Bank is hereby provided with the following forms of adequate protection (which the Post-Petition Lender acknowledges as acceptable to it) pursuant to sections 361, 363(c), 363(e) and 364(d) of the Bankruptcy Code for any diminution in value of its interest in the Pre-Petition Collateral (including Cash Collateral) for any reason resulting from (a) the Trustee's use, sale or lease of the Pre-Petition Collateral, (b) the imposition of the automatic stay, (c) the priming of the Pre-Petition Liens, and (d) the subordination to the Carve-Out (collectively, and solely to the extent of any such diminution in value, the "**Diminution in Value**"):

(a) **Post-Petition Replacement Liens**. As adequate protection for any Diminution in Value, the Debtor's Estate through its Trustee hereby grants, assigns and pledges to the Pre-Petition Bank, post-petition replacement security interests in and liens (the "**Post-Petition Replacement Liens**"), subject to the Carve-Out, on all of the Collateral whether acquired before, or after the Petition Date, whether existing or hereafter acquired, created or

(Page 16)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

arising, and all products and proceeds thereof, including all accessions thereto, substitutions and replacements therefor, wherever located, including accounts receivable and upon the Segregated Account. Upon entry of this Order, the liens and security interests granted hereunder to the Pre-Petition Bank as adequate protection shall be valid, perfected and enforceable against the Collateral without further filing or recording of any document or instrument or the taking of any further actions.

(b) <u>Adequate Protection, Super-Priority Claim</u>. The Pre-Petition Bank is hereby granted, to the extent of any Diminution in Value, a super-priority administrative claim (the "Adequate Protection Super-Priority Claim") that shall have priority (except with respect to the Post-Petition Super-Priority Claims (defined below)) in the Case under and in accordance with the provisions of sections 364(c)(1), 503(b) and 507(b) of the Bankruptcy Code and otherwise over all administrative expense claims and unsecured claims against the Debtor's Estate, now existing or hereafter arising, of any kind or name whatsoever including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 503(a), 503(b), 506(c) (upon entry of this Order), 507(a), 507(b), 546(c), 546(d), 726(b), 1113, and 1114 of the Bankruptcy Code.

(c) **<u>Reservation of Rights of the Pre-Petition Bank</u>**. The Pre-Petition Bank reserves the right to request adequate protection of its interests in the Pre-Petition Collateral. This Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair (a) any of the rights of the Pre-Petition Bank under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right of the Pre-Petition Bank to

(Page 17)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

seek (i) relief from the automatic stay under section 362(d) of the Bankruptcy Code, (ii) dismissal or conversion of the Case under section 1112 of the Bankruptcy Code, (iii) to terminate the period during which the Trustee has the exclusive right to propose and/or obtain confirmation of a plan of reorganization pursuant to section 1121 of the Bankruptcy Code or (iv) any other relief that the Pre-Petition Bank, in its sole discretion, may deem appropriate.

6. **Binding Effect of Post-Petition Financing Loan Documents; Borrowing Limit**. Upon execution and delivery of the Post-Petition Financing Loan Documents, they shall constitute valid and binding obligations of the Debtor, acting by and through the Trustee, Trustee, the Debtor's Estate and any successors thereto, including, without limitation, any trustee in any case under chapter 7 of the Bankruptcy Code upon conversion of the Case, or in any other proceedings superseding or related to any of the foregoing (each such case, a **"Successor Case"** and together, the **"Successor Cases"**) enforceable against it in accordance with their terms.

7. **Limited Consent to Payment of Expenses**. The Trustee is authorized to use the loans or advances made under or in connection with the Post-Petition Financing Loan Documents solely as provided in this Order, the Post-Petition Credit Agreement, the Budget and in the other Post-Petition Financing Loan Documents. The amounts loaned and advanced under or in connection with the Post-Petition Financing Loan Documents and all proceeds of the Collateral (collectively, **"Post-Petition Lender Funds"**), shall be disbursed in accordance with the Budget, this Order and the Post-Petition Financing Loan Documents. Subject to entry of this Order, except for the Carve-Out, no administrative claims, including, without limitation, fees and expenses of professionals, shall be assessed against or attributed to the Post-Petition Lender or its

(Page 18)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

interests in the Collateral pursuant to the provisions of section 506(c) of the Bankruptcy Code or otherwise by, through or on behalf of the Trustee, without the prior written consent of the Post-Petition Lender, and no such consent shall be implied from any action, inaction or acquiescence by, either with or without notice to, the Post-Petition Lender, or otherwise. Except as set forth in the Post-Petition Credit Agreement, the Budget, and this Order, the Post-Petition Lender has not consented or agreed to the use of Post-Petition Lender Funds.

8. **Authority to Enter Into Additional Agreements**. The Trustee is hereby authorized to enter into any additional agreements providing for the establishment of lock boxes, blocked accounts or similar arrangements reasonably required or requested by the Post-Petition Lender for the benefit and in favor of the Post-Petition Lender for purposes of facilitating cash collections from the Trustee in accordance with and subject to the terms of the Post-Petition Financing Loan Documents.

9. **Interest**. Interest on the Post-Petition Obligations shall accrue at the rate equal to five percent (5%) (the "**Post-Petition Interest Rate**") on the amounts actually advanced and, upon the occurrence of an Event of Default (as defined hereinafter), interest on the Post-Petition Obligations shall accrue at the default rate equal to Post-Petition Interest Rate *plus* four percent (4%) (the "**Default Rate**"). Such Default Rate shall be effectively immediately upon the occurrence of any Event of Default, without notice of any kind.

10. **Post-Petition Super-Priority Claim**. Subject to the Carve-Out (as defined herein), all Post-Petition Obligations hereby constitute allowed superpriority administrative expense claims (collectively, the "**Post-Petition Super-Priority Claim**") under section

(Page 19)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

364(c)(1) of the Bankruptcy Code against the Debtor's Estate, having priority over all administrative expense claims against the Debtor's Estate at any time existing or arising, of any kind or nature, including, without limitation, administrative expenses of the kind specified in, or ordered pursuant to, any provision of the Bankruptcy Code, including, without limitation, those specified in, or ordered pursuant to, sections 105, 326, 328, 330, 331, 365, 503(b), 506(c), (subject to entry of this Order), 507(a), 507(b), 546(c), 726, 1113, and 1114 of the Bankruptcy Code, or otherwise (whether incurred in the Case or any Successor Case), which Post-Petition Super-Priority Claim shall be payable from and have recourse to proceeds of all property of the Trustee.

    11.    **Post-Petition Liens.**

    (a)    **Grant of Post-Petition Liens**. As security for the Post-Petition Obligations, the Post-Petition Lender is granted pursuant to sections 364(c)(2), (c)(3) and (d) of the Bankruptcy Code valid, binding, continuing, enforceable, non-avoidable and automatically and properly perfected first-priority priming liens (the "**Post-Petition Liens**") in the Collateral (as defined herein), which liens are subject only to the Carve-Out (as defined below). All advances made under the Post-Petition Loan are automatically vested and secured by the Post-Petition Liens. Notwithstanding anything to the contrary herein or in any other Post-Petition Financing Loan Documents, or in the Pre-Petition Loan Documents or any related documents, the Post-Petition Liens and the Post-Petition Super-Priority Claim granted to the Post-Petition Lender hereunder and under the other Post-Petition Financing Loan Documents are and shall be at all times (including, without limitation, after the occurrence of an Event of Default) senior and