Debtor:           Woodcrest Country Club
Case No.          12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

prior in all respects to (a) the Post-Petition Replacement Liens (as defined below) and all other liens securing any Pre-Petition Collateral, in the Case, granted under the Pre-Petition Loan Documents or otherwise, and (b) the Adequate Protection Super-Priority Claims (as defined below), any other obligations in respect of adequate protection and all other claims held by the Pre-Petition Bank (including, without limitation any super-priority claims in addition to the Adequate Protection Super-Priority Clams), in the case, whether arising under or related to the Pre-Petition Loan Documents, this Order or otherwise.

(b)     **Collateral**.  As used herein, the term "**Collateral**" shall include all tangible and intangible property of the Debtor's Estate, now existing or hereafter acquired, including, without limitation, Cash Collateral, accounts and other receivables for goods sold or leased or services rendered, whether or not earned ("**Receivables**"), deposit monies being held in escrow posted by the stalking horse, Cherry Hill Land Associates Limited Liability Company (the "**Stalking Horse**") for the purchase of the Debtor's Assets as evidenced in that certain Asset Purchase Agreement dated March 22, 2013 by and between the Debtor through its Trustee and the Stalking Horse (the "**Stalking Horse Bid**") to the extent of the Debtor's Estate's interest in said deposit monies posted by the Stalking Horse, inventory, machinery, equipment, leases and real property (including, without limitation, first-priority and second priority mortgage liens encumbering that certain parcel of real property commonly known as 300 East Evesham Road in the Township of Cherry Hill, County of Camden, State of New Jersey, and all improvements, appurtenances and fixtures thereon), instruments, chattel paper and other contracts evidencing, or substitute for, any Receivable, all guarantees, letters of credit, security and other credit

(Page 21)

Debtor:            Woodcrest Country Club
Case No.           12-22055-JHW
Caption of Order:  Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

enhancements for the Receivables, all documents of title for any inventory, all claims and causes of action in any way relating to any of the Receivables or inventory, all bank accounts into which any proceeds of Receivables or inventory are deposited (including all cash and other funds on deposit therein), all proceeds of leases and leased real property, all books and records relating to any of the foregoing, general intangibles (including, without limitation, patents, trade names and trademarks and licenses thereof), books and records of the Debtor's Estate, tax refunds, excess proceeds returned to the Debtor's Estate from letter of credit beneficiaries, and all cash and all proceeds of the foregoing, all of the Debtor's right, title and interest in, to and under all of the following property as such terms are defined under the Uniform Commercial Code as enacted in New Jersey and in effect as of the date hereof (the "**UCC**"): (1) "inventory"; (2) "equipment"; (3) "accounts"; (4) "chattel paper"; (5) "instruments" (including but not limited to all promissory notes); (6) "letter-of-credit rights"; (7) "letters of credit"; (8) "documents"; (9) "deposit accounts"; (10) "investment property"; (11) "money"; (12) other rights to payment and performance; and (13) "general intangibles" (including but not limited to all software and all payment intangibles); all fixtures, all insurance refunds relating to the foregoing property and all good will relating to the foregoing property.

    12.    **<u>Carve-Out</u>**.

        (a)    **<u>Carve-Out Amount</u>**. Subject to the terms and conditions contained in this paragraph 11, the Post-Petition Liens, the Post-Petition Replacement Liens (as defined below), the Post-Petition Super-Priority Claim, the Adequate Protection Super-Priority Claim (as defined below), shall be subordinate to the following fees and expenses (collectively, the "**Carve-Out**"):

PHI 317036439v8

(Page 22)

Debtor:          Woodcrest Country Club
Case No.         12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

    (i) all fees required to be paid to the Clerk of the Bankruptcy Court and;

    (ii) the United States Trustee's Office pursuant to 28 U.S.C. § 1930(a).

  (b) **Use of Post-Petition Loan to Fund Carve-Out Payments; Lien on Unencumbered Assets**. Any extension of credit under the Post-Petition Financing Loan Documents that is used to fund the Carve-Out shall be added to and made a part of the Post-Petition Obligations and shall be secured by the Post-Petition Liens and otherwise entitled to the protections granted under this Order, the Post-Petition Financing Loan Documents, the Bankruptcy Code and applicable law. Before any proceeds of the Post-Petition Loan shall be used to fund the Carve-Out, the Trustee shall be required to use the proceeds of unencumbered assets of the Debtor's Estate then on hand (collectively, the **"Unencumbered Assets"**) for such purpose. In the event that, at the time when allowed fees are required to be paid (and the amounts paid would reduce the Carve-Out hereunder), there exist no proceeds of Unencumbered Assets such that proceeds of the Post-Petition Loan are required to be used to fund, in whole or in part, such payment, the Post-Petition Obligations thereby created shall be entitled to be repaid from the next proceeds of Unencumbered Assets realized by the Trustee.

  13. **Limitations on the Use of the Post-Petition Loan, the Post-Petition Collateral, the Cash Collateral, the Post-Petition Lender Funds, and the Carve-Out**. The Post-Petition Loan, the Post-Petition Collateral, the Cash Collateral, the Post-Petition Lender Funds, and the Carve-Out shall not be used in connection with initiating, commencing or prosecuting any claims, defenses, objections, causes of action, adversary proceedings, contested matters, contests,

(Page 23)

Debtor:  Woodcrest Country Club
Case No.  12-22055-JHW
Caption of Order:  Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

or other litigation against the Pre-Petition Bank and/or the Post-Petition Lender, including, without limitation, (i) contesting, objecting to, or challenging the validity, amount, extent, perfection, priority or enforceability of, or asserting any defense, counterclaim or offset to, the Pre-Petition Obligations, the Pre-Petition Liens, the Pre-Petition Bank Claims, the Post-Petition Obligations and/or the Post-Petition Liens, or any other rights or interests of any of the Pre-Petition Bank and/or the Post-Petition Lender, and (ii) asserting, commencing or prosecuting any claims, defenses or causes of action, including, without limitation, any claims or causes of action under chapter 5 of the Bankruptcy Code, against any of the Pre-Petition Bank and/or the Post-Petition Lender.

14.  **Use of Proceeds**.

(a)  Unless otherwise directed by an order of this Court, the Trustee shall use the proceeds of the loans obtained under the Post-Petition Financing Loan Documents solely in accordance with and subject to the conditions set forth in this Order, the Post-Petition Financing Loan Documents as modified by this Order and the continued effectiveness of the Pre-Petition Loan Documents, and the Budget.  Nothing in this Order shall be construed to require the Pre-Petition Bank and/or Post-Petition Lender to make advances or extensions of credit or other financial accommodations to permit the Debtor's Estate to make any payments, except to the extent expressly provided for in this Order and the other Post-Petition Financing Loan Documents as modified by this Order.

(b)  Unless otherwise directed by an order of this Court, any proceeds of the sale, lease or other disposition of the Collateral shall be used in accordance with the provisions

PHI 317036439v8

(Page 24)

Debtor: Woodcrest Country Club
Case No.: 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

of this Order and the other Post-Petition Financing Loan Documents as modified by this Order and the continued effectiveness of the Pre-Petition Loan Documents.

15. **Preservation of Rights Granted Under This Order.**

(a) Unless all the Post-Petition Obligations shall have been indefeasibly paid in full it shall constitute an Event of Default if there are entered, any modifications or extensions of this Order without the prior written consent of the Post-Petition Lender and the Pre-Petition Bank, and no such consent shall be implied by any other action, inaction or acquiescence by the Post-Petition Lender or the Pre-Petition Bank.

(b) The Post-Petition Lender and the Pre-Petition Bank shall be entitled to all the rights, remedies, privileges and benefits granted by section 364(e) of the Bankruptcy Code, this Order and pursuant to the Post-Petition Financing Loan Documents with respect to all Post-Petition Obligations and Adequate Protection Obligations.

(c) Except as expressly provided in this Order or in the Post-Petition Financing Loan Documents or as agreed in writing by the Post-Petition Lender or the Pre-Petition Bank, the Liens, the Adequate Protection Liens, the Super-Priority Claim, and all other rights and remedies of any of the Post-Petition Lender and the Pre-Petition Bank granted by the provisions of this Order and the Post-Petition Financing Loan Documents as modified by this Order shall survive, and shall not be modified, impaired or discharged by (i) the conversion of the Case, (ii) the dismissal of the Case, or (iii) the entry of an order confirming a chapter 11 plan in any Case. The terms and provisions of this Order and the Post-Petition Financing Loan Documents as modified by this Order shall continue in the Case, in any Successor Case, or in

PHI 317036439v8

(Page 25)

Debtor:           Woodcrest Country Club
Case No.          12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

any superseding chapter 7 Case under the Bankruptcy Code, and the Liens, the Adequate Protection Liens, the Super-Priority Claim, and all other rights and remedies of the Post-Petition Lender and the Pre-Petition Bank granted by the provisions of this Order and the Post-Petition Financing Loan Documents shall continue in full force and effect until the Post-Petition Obligations are indefeasibly paid in full.

16.    **Rights Reserved**. Notwithstanding anything herein to the contrary, the entry of this Order is without prejudice to, and does not constitute a waiver of expressly or implicitly, or otherwise impair (a) any of the rights, claims, privileges, objections or defenses (whether legal, equitable or otherwise) of the Pre-Petition Bank and the Post-Petition Lender under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right of the Post-Petition Lender to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of the Case, conversion of the Case to a case under chapter 7 of the Bankruptcy Code, or (iii) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans or (b) any other rights, claims or privileges (whether legal, equitable or otherwise) of the Pre-Petition Bank and Post-Petition Lender.

17.    **Automatic Stay; Remedies.**

(a)    Upon the occurrence of an Event of Default under the Post-Petition Financing Loan Documents, all stays and injunctions in these Case, including, but not limited to, the automatic stay arising under section 362(a) of the Bankruptcy Code will be modified automatically as to the Post-Petition Lender and the Pre-Petition Bank thereby permitting the Post-Petition Lender and/or the Pre-Petition Bank, as applicable, *inter alia*, without further order

PHI 317036439v8

(Page 26)

Debtor: Woodcrest Country Club
Case No.: 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

of the Bankruptcy Court and without the need for filing any motion for relief from the automatic stay or any other pleading in order to:

      (i)     Declare the Post-Petition Loan to be terminated, whereupon the same shall forthwith terminate;

      (ii)    Declare the Post-Petition Obligations to be forthwith due and payable, whereupon all Post-Petition Obligations shall become and be forthwith due and payable, without presentment, notice of dishonor, protest or further notice of any kind, all of which the Trustee hereby expressly waives; and

      (iii)   Charge the default rate of interest on all Post-Petition Obligations.

     (b)    Notwithstanding anything herein to the contrary, and notwithstanding the applicability of section 362 of the Bankruptcy Code (to the extent necessary to exercise such remedies, relief from automatic stay shall be deemed granted), upon notice of an Event of Default to the Trustee and either (i) the Trustee's failure to cure any such Event of Default after three (3) business days of receipt of such notice, or (ii) Bankruptcy Court confirmation of the occurrence of an Event of Default after the Trustee's contest of such occurrence pursuant to an emergency motion filed with the Bankruptcy Court during such 3 day period, the Post-Petition Lender shall also be entitled to immediately exercise any of the following rights and remedies without further order of the Bankruptcy Court and without the need for filing any motion for relief from the automatic stay or any other pleading:

(Page 27)

Debtor: Woodcrest Country Club
Case No.: 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

(i)    The Post-Petition Lender may apply any and all money owing by the Post-Petition Lender to the Trustee to the payment of the Post-Petition Obligations, in the Post-Petition Lender's sole discretion, subject to the Carve-Out;

(ii)   The Post-Petition Lender may exercise and enforce any and all rights and remedies available upon default to a secured party under the UCC, including the right to take possession of Collateral, or any evidence thereof, proceeding without judicial process or by judicial process, and the right to sell, lease or otherwise dispose of any or all of the Collateral (with or without giving any warranties as to the Collateral, title to the Collateral or similar warranties);

(iii)  The Post-Petition Lender may exercise and enforce its rights and remedies under the Post-Petition Financing Loan Documents;

(iv)   The Post-Petition Lender may exercise any other rights and remedies available to it by law or agreement; and/or

(v)    If the Post-Petition Lender sells any of the Collateral on credit, the Post-Petition Obligations will be reduced by the full amount of the sale price. If the purchaser fails to pay for the Collateral, the Post-Petition Lender may resell the Collateral and shall apply any proceeds actually received to the Post-Petition Obligations.

(c)    The automatic stay imposed by section 362 of the Bankruptcy is hereby modified to the extent necessary to permit or effectuate the terms of this Order and the documents evidencing the Post-Petition Loan, including, without limitation, to permit the execution and recordation of documents in the Post-Petition Lender's and Pre-Petition Bank's, as

PHI 317036439v8

(Page 28)

Debtor:            Woodcrest Country Club
Case No.           12-22055-JHW
Caption of Order:  Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

applicable, discretion to evidence the creation and perfection of the Post-Petition Lender's and Pre-Petition Bank's liens on the Collateral; <u>provided</u>, <u>however</u>, that nothing herein shall prevent the Trustee or the United States Trustee from seeking an emergency hearing.

18.    **Enforcement Against Collateral; Application of Collateral Proceeds**.  If upon an Event of Default and in compliance with the preceding paragraph, the Post-Petition Lender shall at any time exercise any of its respective rights and remedies hereunder, under the other Post-Petition Financing Loan Documents or under applicable law in order to effect payment or satisfaction of the Post-Petition Obligations or to receive any amounts or remittances due hereunder or under the other Post-Petition Financing Loan Documents, including without limitation, by foreclosing upon and selling all or a portion of the Collateral, the Post-Petition Lender shall have the right without any further action or approval of this Court to exercise such rights and remedies as to all or such part of the Collateral as the Post-Petition Lender shall elect in its sole discretion.  No holder of a lien primed by this Order or granted by the Trustee as adequate protection shall be entitled to object on the basis of the existence of any such lien to the exercise by the Post-Petition Lender of its rights and remedies under the Post-Petition Financing Loan Documents or under applicable law to effect satisfaction of the Post-Petition Obligations or to receive any amounts or remittances due hereunder or under the other Post-Petition Financing Loan Documents, the Post-Petition Lender shall be entitled to apply the payments or proceeds of the Collateral in accordance with the provisions of this Order and the other Post-Petition Financing Loan Documents, and, upon entry of this Order, in no event shall the Post-Petition

PHI 317036439v8

(Page 29)

Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

Lender be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the Collateral or otherwise.

19. **Non-Waiver of Rights**. The failure or delay by the Post-Petition Lender to seek relief or otherwise exercise its rights and remedies under this Order or any other Post-Petition Financing Loan Documents shall not constitute a waiver of any of the rights of the Post-Petition Lender hereunder, thereunder or otherwise, and any single or partial exercise of such rights and remedies against any party or Collateral shall not be construed to limit any further exercise of such rights and remedies against any or all of the other party and/or Collateral.

20. **Automatic Perfection of Liens**. By virtue of and pursuant to this Order, all liens granted or authorized pursuant to this Order to or for the benefit of the Post-Petition Lender and the Pre-Petition Bank shall be, and they hereby are, valid, enforceable and perfected, and (notwithstanding any provisions of any agreement, instrument, document, the Uniform Commercial Code or any other relevant law or regulation of any jurisdiction) no further notice, filing or other act shall be required to effect such perfection, and all liens that may be created upon any designated accounts and any other deposit accounts or securities accounts shall be, and they hereby are, deemed to confer "control" for purposes of N.J.S.A. §§ 12A:8-106, 12A:9-104, 12A:9-105, 12A:9-106, 12A:9-107 and 12A:9-314 of the Uniform Commercial Code as enacted in New Jersey and in effect as of the date hereof in favor of the Post-Petition Lender, provided, however, that if the Post-Petition Lender and/or the Pre-Petition Bank shall, in their sole discretion, choose to require the execution of and/or file (as applicable) such mortgages, financing statements, notices of liens and other similar instruments and documents, all such

PHI 317036439v8

Debtor:        Woodcrest Country Club
Case No.       12-22055-JHW
Caption of Order:   Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

mortgages, financing statements, notices of liens or other similar instruments and documents shall be deemed to have been executed, filed and/or recorded *nunc pro tunc* as of the date hereof. Each and every federal, state and local government agency or department is hereby authorized to accept the entry by this Court of this Order as evidence of the validity, enforceability and perfection on the Petition Date of the liens granted or authorized pursuant to this Order to or for the benefit of the Pre-Petition Bank and the Post-Petition Lender.

21. **Validity, etc. of Post-Petition Liens**. The validity, enforceability, priority or amount of any of the claims and liens granted to or for the benefit of the Post-Petition Lender under this Order or any other Post-Petition Financing Loan Documents with respect to the Post-Petition Obligations shall not be affected by any finding or order of this Court or any other court regarding any Pre-Petition Liens.

22. **Trustee Authorized and Directed to Execute Documents and Pay Fees**. The Trustee and/or the Debtor, as appropriate, is authorized, and the automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary, (a) to do and perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the Post-Petition Financing Loan Documents and such additional security agreements, pledge agreements, control agreements, mortgages and financing statements and other documents and instruments as may be necessary or appropriate to better evidence and perfect the Post- Petition Loan), and (b) pay all principal, interest and other fees described in this Order as such become due and without the need for further Court approval, including without limitation, the Post-Petition Financing Fee in the amount of $20,000.00, all to the extent provided in the

PHI 317036439v8

Debtor:             Woodcrest Country Club
Case No.            12-22055-JHW
Caption of Order:   Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

Post-Petition Credit Agreement. The Debtor through its Trustee is hereby authorized to indemnify the Post-Petition Lender, exclusively in its capacity as such, from and against any liability arising in connection with the Post-Petition Financing Loan Documents to the extent provided in and subject to the Post-Petition Financing Loan Documents. All such fees and expenses and the obligation to indemnify the Post-Petition Lender shall constitute Post-Petition Obligations of the Debtor's Estate and shall be secured by the Post-Petition Liens and afforded all of the priorities and protections afforded to the Post-Petition Obligations under this Order and the other Post-Petition Financing Loan Documents.

23.     **Post-Petition Obligations Not Subject to Setoff, etc**. The Post-Petition Obligations, and the claims and liens granted to or for the benefit of the Post-Petition Lender pursuant to this Order and the other Post-Petition Financing Loan Documents, are not subject to any setoff, reduction or disallowance of any kind, including, without limitation, under section 502(d) of the Bankruptcy Code.

24.     **Dismissal of Case**. Unless otherwise directed by an order of this Court, in the event of an order dismissing the Case under section 1112 of the Bankruptcy Code or otherwise (i) the claims and liens granted pursuant to this Order to or for the benefit of the Post-Petition Lender shall continue in full force and effect and shall maintain their priorities as provided in this Order until all obligations in respect thereof shall have been indefeasibly paid in full in cash and satisfied in the manner provided in the Post-Petition Financing Loan Documents (and that such claims and liens shall, notwithstanding such dismissal, remain binding on all parties in interest), (ii) the claims and liens granted pursuant to this Order to or for the benefit of the Pre-Petition

Debtor:              Woodcrest Country Club
Case No.             12-22055-JHW
Caption of Order:    Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

Bank shall continue in full force and effect and shall maintain their priorities as provided in this Order (and that such claims and liens shall, notwithstanding such dismissal, remain binding on all parties in interest), (iii) prior to dismissal, the Trustee shall deliver to the Post-Petition Lender and record, at the Debtor's Estate's cost, such financing statements, mortgages and other documentation evidencing perfected liens in all credit facilities as the Post-Petition Lender shall reasonably request, and (iv) to the extent permitted by applicable law, this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing such claims and liens.

25.    **Proof of Claim**.  The Post-Petition Lender and the Pre-Petition Bank shall not be required to file a proof of claim in the Case on behalf of the Post-Petition Lender and the Pre-Petition Bank setting forth the Pre-Petition Bank Claim, the Post-Petition Obligations or any portion thereof, allowed in this Order. Notwithstanding any provision to the contrary in any order entered, or to be entered, by the Court concerning the establishment of a bar date in the Case or the Successor Case, the Pre-Petition Bank, is hereby authorized and entitled, in its sole discretion, but not required, to file (and amend and/or supplement, as it deems appropriate) one or more proofs of claim in the Case or the Successor Case for any claim allowed herein.  Any order entered, or to be entered, by the Court concerning the establishment of a bar date in the Case or the Successor Case shall not apply to the Post-Petition Lender and the Pre-Petition Bank. For clarity sake, neither the Post-Petition Lender and/or the Pre-Petition Lender need to file proof(s) of claim for either a pre-petition claim or administrative claim post-petition in order to be entitled to have a valid recognized allowed claim in the Case or the Successor Case.  Any and all payments made and accepted by the Pre-Petition Bank, whether pre-petition or post-petition,

PHI 317036439v8

Debtor: Woodcrest Country Club
Case No.: 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

in connection with the Pre-Petition Bank Claim or this Order are final and not subject to avoidance or recovery by the Trustee or any other entity under chapter 5 of the Bankruptcy Code or otherwise.

26. **Good Faith Under Section 364(e)**. The terms of this Order were negotiated in good faith and at arm's length by and among all of such parties between the Trustee, the Pre-Petition Bank and the Post-Petition Lender. The Pre-Petition Bank and the Post-Petition Lender shall be entitled to the full protections of section 364(e) of the Bankruptcy Code in the event that this Order or any provision hereof is vacated, reversed, or modified, on appeal or otherwise.

27. **Order Effective Immediately**. This Order is hereby deemed effective immediately pursuant to Bankruptcy Rule 6004(h) and the fourteen (14) day stay otherwise provided by Bankruptcy Rule 6004(h) is hereby deemed waived and shall not apply.

28. **Survival**. The provisions of this Order, including the grant of claims and the Post-Petition Liens and the Post-Petition Replacement Liens to or for the benefit of the Pre-Petition Bank and the Post-Petition Lender, and any action taken pursuant hereto shall survive the entry of any order that may be entered (a) confirming any plan of reorganization in these Case, (b) converting the Case to a case under chapter 7 of the Bankruptcy Code, (c) dismissing the Case or any Successor Case, or (d) pursuant to which this Court abstains from hearing the Case or any Successor Case.

29. **Events of Default**. The post-petition occurrence of any of the following shall constitute an Event of Default:

PHI 317036439v8

(Page 34)
Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

(a) A final Post-Petition Credit Agreement has not been entered into with the Post-Petition Lender, in form and substance satisfactory to the Post-Petition Lender in its sole and absolute discretion by April 15, 2013;

(b) Violation of any of the terms of this Order;

(c) The occurrence of any default, Event of Default or violation of any of the terms of the Post-Petition Credit Agreement and/or any of the Post-Petition Financing Loan Documents;

(d) Any Sale Process Default (as defined in the Post-Petition Credit Agreement) shall have occurred and be continuing;

(e) The Trustee's failure to deliver to the Pre-Petition Bank and Post-Petition Lender any of the weekly reports required in paragraph 4;

(f) The Trustee's failure to comply with the Budget, subject to any variance agreed to in writing by the Post-Petition Lender;

(g) The failure of the Trustee to deliver to the Lender the Post-Petition Financing Fee in the amount of $20,000.00 at the earlier of (i) the closing of the sale of substantially all of the assets in the Debtor's Estate or (ii) June 15, 2013;

(h) The failure of the Trustee to deliver to the Lender and the Pre-Petition Bank a progress report from the Trustee and its investment banker, SSG, detailing the sales process of the Debtor's Estate as required by this Order;

(i) An order approving the bidding procedures, scheduling auction and setting the sale hearing date has not been entered by April 3, 2013, in form and substance satisfactory to the Post-Petition Lender, in its sole and absolute discretion;

(j) To the extent any qualified bids are received, the failure by the Trustee to conduct the Court-approved auction by May 20, 2013;

(k) To the extent an auction is necessary, the failure by the Trustee to select a successful bidder by the later of 5:00 p.m. (Eastern time) or the conclusion of the auction on May 20, 2013 for the sale of substantially all of the assets in the Debtor's Estate (the "**Sale**");

(Page 35)
Debtor:         Woodcrest Country Club
Case No.        12-22055-JHW
Caption of Order:   Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

(l)     The failure by the Trustee to obtain a hearing for the Court to approve the Sale on or before May 24, 2013;

(m)     One or more final orders of the Court satisfactory to the Post-Petition Lender and the Pre-Petition Bank, in their sole and absolute discretion, approving the Sale has not been entered by May 28, 2013;

(n)     The failure of the Debtor's Estate to fully repay the Post-Petition Financing Commitment, including but not limited to Post-Petition Financing Fee, to the Post-Petition Lender in immediately available good same day funds on or before the earlier of (i) the closing of the Sale, or (ii) June 15, 2013;

(o)     The Debtor's Estate expends amounts that exceed an aggregate variance of five percent (5%) of the Budget for any calendar week, consistent with the Credit Agreement;

(p)     Conversion of the Case to a Case under chapter 7 of the Bankruptcy Code;

(q)     Dismissal of any of the Case or any subsequent chapter 7 Case without the express written consent of the Post-Petition Lender and Pre-Petition Bank, in their sole and absolute discretion;

(r)     The entry of any order materially modifying, reversing, revoking, staying, rescinding, vacating, or amending this Order without the express prior written consent of the Pre-Petition Bank and the Post-Petition Lender, in their sole and absolute discretion;

(s)     The failure of the Trustee to execute and deliver all Post-Petition Financing Loan Documents requested by the Post-Petition Lender in respect of the Post-Petition Facility in form and substance satisfactory in all respects to the Post-Petition Lender, in its sole and absolute discretion;

(t)     The failure of the Trustee to provide to the Post-Petition Lender a first priority priming lien on all of the assets of the Debtor's Estate, including but not limited to the Collateral, the Receivables and cash and/or cash equivalents;

(u)     The failure of the Trustee to serve the Post-Petition Lender and the Pre-Petition Bank and their counsel with a copy of each monthly operating report filed by the Trustee in this Case as required by the Court, the U.S. Trustee or applicable law;

PHI 317036439v8

(Page 36)
Debtor:           Woodcrest Country Club
Case No.          12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

(v)  Default in the payment of any amount owed by the Trustee to the Post-Petition Lender as and when due hereunder;

(w)  The rendering against the Debtor's Estate of an arbitration award, a final judgment, decree or order, in each case requiring the post-petition payment of money in excess of $25,000 in the aggregate or a post-petition lien on any of the Collateral, and the continuance of such arbitration award, judgment, decree or order unsatisfied and in effect for any period of thirty (30) consecutive days;

(x)  The filing by the Debtor's Estate through its Trustee of any motion or proceeding that could reasonably be expected to result in material impairment of the Post-Petition Lender's or the Pre-Petition Bank's rights under the Post-Petition Credit Agreement and/or the Pre-Petition Loan Documents, as applicable, as modified by this Order, including any motion to surcharge the Post-Petition Lender and/or the Pre-Petition Bank, the Post-Petition Loan and/or the Pre-Petition Loan, or the Collateral under section 506(c) of the Bankruptcy Code or otherwise;

(y)  The filing of a motion by the Trustee for entry of an order staying or otherwise prohibiting the prosecution of any enforcement action or any motion or pleading seeking to challenge the Post-Petition Lender's or the Pre-Petition Bank's Liens or otherwise commencing any cause of action against the Post-Petition Lender or the Pre-Petition Bank;

(z)  The Trustee (except following the Post-Petition Lender's prior written request or with the Post-Petition Lender's express prior written consent) shall file a motion with the Bankruptcy Court or any other court with jurisdiction in the matter seeking an order, or an order is otherwise entered, modifying, reversing, revoking, staying, rescinding, vacating, or amending this Order or any of the Post-Petition Financing Loan Documents as modified by this Order, without the Post-Petition Lender's express prior written consent (and no such consent shall be implied from any other action, inaction, or acquiescence of the Post-Petition Lender);

(aa) The Debtor's Estate shall file, or any other person shall obtain Bankruptcy Court approval of a disclosure statement for a plan of reorganization that does not comply with the Post-Petition Credit Agreement;

(bb) The Debtor's Estate shall file any motion or application, or the Bankruptcy Court allows the motion or application of any other Person, which seeks

PHI 317036439v8

(Page 37)
Debtor:         Woodcrest Country Club
Case No.        12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

approval for or allowance of any claim, lien, security interest ranking equal or senior in priority to the claims, liens and security interests granted to the Post-Petition Lender under this Order or the Post-Petition Financing Loan Documents as modified by this Order, or any such equal or prior claim, lien, or security interest shall be established in any manner, except, in any case, as expressly permitted under this Order;

(cc) This Order shall cease to be in full force and effect at any time after the date of entry thereof by the Bankruptcy Court;

(dd) Entry of an order granting any other super-priority claim or lien equal or superior to that granted to the Post-Petition Lender, prior to full and indefeasible repayment of the Post-Petition Obligations and the Adequate Protection Obligations (as defined in this Order);

(ee) The Debtor's Estate shall fail to comply in any material respect with the Budget (after accounting for any variances permitted under the Post-Petition Credit Agreement);

(ff) The entry of an order (a) which provides relief from the automatic stay otherwise imposed pursuant to Section 362 of the Bankruptcy Code with respect to any material contract, lease, or obligation or against any critical vendor; (b) allowing a third party to proceed against any material assets or contracts of the Debtor's Estate; (c) staying or otherwise prohibiting the prosecution of any Enforcement Action; (d) otherwise materially adversely affecting the Post-Petition Lender's or Pre-Petition Bank's Liens;

(gg) Any representation or warranty made by the Debtor's Estate through its Trustee in the Post-Petition Credit Agreement, or by the Trustee in any agreement, certificate, instrument or financial statement or other statement contemplated by or made or delivered pursuant to or in connection with the Post-Petition Credit Agreement shall prove to have been incorrect in any material respect when deemed to be effective;

(hh) If any creditor of the Debtor's Estate receives any adequate protection payment, other than as provided herein;

(ii) Any material impairment of the Collateral;

(jj) The Debtor's Estate obtaining of credit or the incurring of indebtedness that is (i) secured by a security interest or other lien on all or any portion

(Page 38)
Debtor:           Woodcrest Country Club
Case No.         12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

of the Collateral, or (ii) entitled to priority administrative status which is equal or senior to that granted to the Post-Petition Lender;

(kk)  Any lien or security interest purported to be created under the Post-Petition Financing Loan Documents shall cease to be, or shall be asserted by the Trustee not to be, a valid and perfected lien on or security interest in any Collateral, with the priority required by the Post-Petition Financing Loan Documents or herein;

(ll)  Any misrepresentation of a material fact made after the Petition Date by the Trustee or its agents to the Post-Petition Lender and/or the Pre-Petition Bank about the financial condition of the Debtor's Estate, the nature, extent, location or quality of any Collateral, or the disposition or use of any Collateral;

(mm)  A material default by the Debtor's Estate in reporting financial information as and when required under this Order;

(nn)  The sale of any material portion of the Debtor's Estate's assets outside the ordinary course of business without the prior written consent of the Post-Petition Lender and the Pre-Petition Bank, in their sole discretion;

(oo)  The Debtor's Estate fails to comply with any of the covenants, conditions and agreements contained herein or in any other agreement, document or instrument at any time executed by the Trustee in connection herewith; or

(pp)  The resignation or termination of SSG as investment banker for the Debtor's Estate.

30.  **Termination of Order**.  The agreement by the Post-Petition Lender to make any post-petition financing available to the Trustee under the Post-Petition Financing Loan Documents as modified by this Order and the agreement by the Pre-Petition Bank to allow the use of Cash Collateral pursuant to the terms of this Order shall continue until the earlier of (i) the occurrence of an Event of Default under this Order, (ii) the closing of the Sale, or (iii) May 31, 2013 (the **"Termination Date"**).

(Page 39)

Debtor: Woodcrest Country Club
Case No. 12-22055-JHW
Caption of Order: Interim Order (A) Authorizing The Chapter 11 Trustee To Obtain First-Priority Secured Post-Petition Financing From Sun National Bank, (B) Authorizing The Chapter 11 Trustee To Segregate Cash Collateral Of Existing Secured Lender, Sun National Bank, And Providing Related Adequate Protection, And (C) Setting Final Hearing On Post-Petition Financing

31. **Limitations on the Cash Collateral and the Carve Out.**

(a) From and after the date of entry of this Order, the proceeds of the Collateral and Cash Collateral shall not, directly or indirectly, be used to pay any expenses, payments, and/or disbursements of Trustee or incurred by Trustee except for those items which are then due, expressly permitted under the Budget or this Order, and in such amounts as clearly identified in the Budget and/or this Order. In no event shall any costs or expenses of administration be imposed upon the Post-Petition Lender or its collateral pursuant to sections 105(a), 506(c) and/or 552 of the Bankruptcy Code or otherwise without the prior written consent of the Post-Petition Lender, and no such consent shall be implied from any action, inaction or acquiescence by the Pre-Petition Bank and the Post-Petition Lender; and

(b) Notwithstanding anything herein, the Cash Collateral may only be used in accordance with the Budget and as specified in paragraph 3 and, in any event, the Cash Collateral and the Carve-Out may not be used: (a) in connection with or to finance in any way any action, suit, arbitration, proceeding, application, motion or other litigation of any type (i) against the Pre-Petition Bank and/or the Post-Petition Lender or seeking relief that would impair their rights and remedies under the Pre-Petition Loan Documents and/or the Post-Petition Financing Loan Documents, and/or this Order, including, without limitation, (A) to assert, commence, or prosecute any claims or causes of action whatsoever, including, without limitation, any actions for lender liability against the Pre-Petition Bank and/or the Post-Petition Lender, any actions under section 105 of the Bankruptcy Code against the Pre-Petition Bank and/or the Post-Petition Lender, any actions under chapter 5 of the Bankruptcy Code against the

PHI 317036439v8